Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KURT PHELPS,<br><br>*Plaintiff*,<br><br>v.<br><br>HAZELTON TRANSPORTATION, *et al.*,<br><br>*Defendants*. | Civil Action No. 19-18055<br><br>**ORDER** |

**John Michael Vazquez, U.S.D.J.**

**THIS MATTER** comes before the Court by way of Plaintiff Kurt Phelp's unopposed motion for default judgment as to Defendant Hazelton Transportation ("Hazelton") pursuant to Fed. R. Civ. P. 55(b), D.E. 7; and it

**APPEARING** that Rule 55(b) authorizes courts to enter a default judgment against a properly served defendant who fails to file a timely responsive pleading. Fed. R. Civ. P. 55(b). But even when a party is actually in default "the other side is not entitled to the entry of default judgment as of right, and the entry of such a judgment is left primarily to the discretion of the district court." *Sanchez v. Franzzano*, No. 15-2316, 2016 WL 2892551, at *1 (D.N.J. May 12, 2016) (quoting *Ramada Worldwide Inc. v. Abel Lodging, LLC*, No. 14-2683, 2014 WL 5361914, at *1 (D.N.J. Oct. 21, 2014)); and it further

**APPEARING** that in evaluating whether to enter default judgment pursuant to Rule 55(b), the court must determine whether (1) it has subject matter jurisdiction over the matter and personal

jurisdiction over the parties, (2) the parties have properly been served, (3) the complaint sufficiently pleads a cause of action, and (4) the plaintiff has proven damages. *Days Inn Worldwide, Inc. v. Tulsipooja Hospitality, LLC*, No. 15-5576, 2016 WL 2605989, at *2 (D.N.J. May 6, 2016). The Court must accept all well-pleaded factual allegations in the pleadings as true, except as to damages. *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535-36 (D.N.J. 2008). The Court must also consider "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Animal Science Prods., Inc. v. China Nat'l Metals & Minerals Import & Export Corp.*, 596 F. Supp. 2d 842, 849 (D.N.J. 2008); and it further

**APPEARING** that "[i]f a default is entered against some defendants in a multi-party case, the preferred practice is for the court to withhold granting default judgment until the action is resolved on its merits against the non-defaulting defendants." *Animal Science Prods., Inc.*, 596 F. Supp. 2d at 849; *see also* 10A Charles A. Wright *et al.*, Fed. Prac. & Proc. § 2690 (3d ed. 2015) (when several defendants have closely related defenses, "entry of judgment also should await an adjudication of the liability of non-defaulting defendants"). This is because courts do not want to "create the risk of potentially inconsistent judgments." *Eteam, Inc. v. Hilton Worldwide Holdings, Inc.*, No. 15-5057, 2016 WL 54676, at *3 (D.N.J. Jan. 5, 2016) (denying motion for default judgment where allegations against defaulting and non-defaulting defendants were identical); *see also Lines v. New Prime, Inc.*, No. 13-2163, 2016 WL 4727145, at *1 (M.D. Pa. Feb. 24, 2016) ("[I]n light of the potential for inconsistent judgments, a court should not enter default judgment against defaulting defendants when claims based upon identical allegations and theories of liability remain for trial against defendants not in default.") (citing *Farzetta v. Turner & Newall, Ltd.*, 979 F.2d 151, 154 (3d Cir. 1986))); and it further

2

**APPEARING** that in this matter Plaintiff asserts identical allegations of wrongdoing against multiple defendants. Plaintiff alleges that a motor vehicle owned by Defendant Hazelton and operated by Defendant Juan M. Vilorio, and another motor vehicle owned and operated by Defendant William R. Subject, came in contact with Plaintiff's vehicle as a result of the negligence and/or recklessness of Defendants. *See* D.E. 1, Compl. ¶¶ 30-31, 37-38. However, Plaintiff has only requested entry of default and default judgment as to Defendant Hazelton. D.E. 5, 7. Further, it appears that Plaintiff has served only Defendant Hazelton in this matter. *See* D.E. 7-3, Ex. 2. Consequently, entering a default judgment at this time would not be prudent due to the risk of potentially inconsistent judgments; therefore

For the foregoing reasons, and for good cause shown

**IT IS** on this 4th day of February, 2020, hereby

**ORDERED** that Plaintiff's motion for default judgment as to Defendant Hazelton Transportation, D.E. 7, is **DENIED without prejudice**. Plaintiff may again move for a default judgment as to Defendant Hazelton after Plaintiff's case against the remaining Defendants has been resolved. Alternately, if Plaintiff properly serves the remaining Defendants and thereafter has grounds to move for a default judgment as to each, Plaintiff may bring a motion for default judgment as to all Defendants at the same time; and it is further

**ORDERED** that Plaintiff shall be granted leave to serve Defendant Vilorio and Defendant Subject within ninety (90) days pursuant to the Federal Rules of Civil Procedure. If Plaintiff does not properly serve Defendant Vilorio and Defendant Subject within ninety (90) days, and file proof of service on the docket within ninety-five (95) days from receipt of this Order, then Plaintiff's claims as to Defendant Vilorio and Defendant Subject will be dismissed without prejudice; and it is further

**ORDERED** that the Clerk's Office is directed to reissue the summonses as to Defendant Vilorio and Defendant Subject.

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　John Michael Vazquez, U.S.D.J.